## LEWIS v. WAYNE COUNTY SHERIFF.

1. COURTS—VERIFICATION OF RECORD.
   The judge who tried a case must verify the record of that case in a circuit having more than one judge (CL 1948, § 602.-55).

2. JUDGMENT—EXECUTION—VERIFICATION.
   Execution to collect a judgment may be issued to the sheriff or other proper officer upon rendition of a judgment, verification of the judgment not having been made a prerequisite by statute (CL 1948, §§ 602.55, 623.1).

3. SAME—RENDITION—ENTRY.
   The rendition of a judgment is a purely judicial act of the court alone and must be, first in order of time; the entry of the judgment being merely evidence that a judgment has been rendered and purely a ministerial act.

4. SAME—PRONOUNCEMENT—ENTRY BY CLERK.
   A judgment is as final and complete when pronounced by the court as when it is entered and recorded by the clerk.

5. SAME—ENTRY—THIRD PARTIES.
   The entry or recording of a judgment is not essential as between the parties to the case in which it is rendered, but may be necessary to give full force to the judgment as affecting the rights of third parties.

6. SAME—FORCE—PROOF.
   A judgment derives its force from its rendition by the court even though it may be proven only by the record.

REFERENCES FOR POINTS IN HEADNOTES
[1] Generally as to sufficiency of judicial records, see 14 Am Jur, Courts § 140; 30 Am Jur, Judgments §§ 29, 30, 93.
[2, 7] 21 Am Jur, Executions § 35.
[3-6] 30 Am Jur, Judgments § 10.
[7] Generally as to executions against the person, see 21 Am Jur, Executions § 697 *et seq.*
[8] 25 Am Jur, Habeas Corpus §§ 33, 102.

7. Assault—Judgment—Capias ad Satisfaciendum—Time of Rendition and Verification.

    The oral pronouncement of judgment for plaintiff by the court before whom case for damages for assault was tried constituted the rendition of the judgment upon which writ of *capias ad satisfaciendum* was properly issued even before verification of the judgment by the judge, the statutory requirement that the trial judge verify the record being merely a directive to perform a purely ministerial act (CL 1948, §§ 602.55, 623.1).

8. Appeal and Error—Questions Reviewable—Habeas Corpus— Capias ad Satisfaciendum—Judgment.

    Whether or not habeas corpus. was .the proper legal remedy to raise question as to validity of writ of *capias ad satisfaciendum* is not discussed, where raised by appellant sheriff and judgment creditor, and judgment upon which such writ was based was valid, unappealed and verification of entry effected *nunc pro. tunc* during pendency of habeas corpus proceeding (CL 1948, §§ 602.55, 623.1).

Appeal from Wayne; Weideman (Carl M.), J. Submitted October 15, 1952. (Docket No. 99, Calendar No. 45,575.) Decided January 8, 1953.

Habeas corpus by Paul R. Lewis to obtain his release from custody of Wayne County Sheriff on *capias ad satisfaciendum.* Plaintiff discharged. The sheriff and judgment creditor review by appeal in nature of certiorari. Reversed, writ dismissed and petitioner remanded to custody.

*Lipshy & Cohen (I. Goodman Cohen,* of counsel), for plaintiff.

*Cornelia Groefsema* and *John W. Gilmore,* for defendants.

Adams, J. This is an appeal from an order discharging a prisoner on habeas corpus. On April·8, 1952, Paul R. Lewis, appellee herein, petitioned for a writ of habeas corpus alleging that he was being

illegally detained in the Wayne county jail. The Wayne county sheriff, appellant herein, made a return showing that the petitioner was held by virtue of a writ of *capias ad satisfaciendum* issued August 14, 1951, in the case of Chase Cooper *v.* Paul R. Lewis, a civil action for damages for an assault.

Petitioner claimed his detention was illegal because the trial judge failed to verify by signature the journal entry of the judgment for plaintiff which had been handed down orally on March 30, 1950. While the petition for a writ of habeas corpus was pending, the trial judge in the original case signed an order *nunc pro tunc* verifying as correct the journal entry of the judgment.

An order discharging petitioner from custody was entered May 15, 1952. From that order the sheriff takes this appeal.

No question is raised on this appeal with reference to the conduct of the original trial, the oral rendition of judgment by the judge, or the clerk's entry of the judgment on the court sheet and in the court journal. In fact, it is admitted that such acts were all performed in accordance with the rules and statute.

The judge's verification of the record is required by statute in those circuits having more than one judge. The pertinent portion of CL 1948, § 602.55 (Stat Ann § 27.192), reads as follows:

"The record of the proceedings before each of the judges shall be entered in the journal of the court in the usual manner, and said journals may for convenience, at the option of said judges, be kept in separate books, appropriately marked, *and said records shall be verified by the signature of the judge before whom the business is transacted.*" (Italics ours.)

There is, however, no statutory provision that execution in satisfaction of the judgment shall not issue before verification of the judgment, the only reference to the appropriate time for issuance of execution being found in CL 1948, § 623.1 (Stat Ann § 27.1501), which reads:

"Whenever judgment shall have been or may hereafter be *rendered* in any court of record, execution to collect the same may be issued to the sheriff, or other proper officer * * * of this State." (Italics ours.)

It becomes necessary, therefore, to determine when the judgment was rendered in order to determine the proper time for the issuance of execution. This is not a new issue for this Court. In the case of *Blickle* v. *Kent Probate Judge,* 211 Mich 216, we considered at length the question of when a judgment is rendered and becomes legally effective. We said:

" 'The rendition and the entry of a judgment are entirely different things. The first is a purely judicial act of the court alone, and must be first in the order of time, while the entry is merely evidence that a judgment has been rendered and is purely a ministerial act. * * *

" 'The decisions of all courts must be preserved in writing in some record provided for that purpose. The reason for this does not lie in the fact that the entry is necessary to the completion of the judgment, for a judgment is as final when pronounced by the court as when rendered and recorded by the clerk, and an entire failure to make up the record will not necessarily affect the parties interested.' * * *

" 'Although it has been said on high authority that a judgment is a solemn record, the entry or record of the judgment should not be confused with the judgment itself. The judgment is a judicial act of the court; the entry is the ministerial act of the clerk. The judgment is as final and complete when pro-

nounced by the court as when it is entered and recorded by the clerk. Although such entry may be necessary to give full force to the judgment as affecting the rights of third parties, the entry or recording of a judgment is not essential as between the parties themselves. The judgment therefore is considered as having been rendered when the court has pronounced the decree which finally determines the rights of the parties and nothing remains to be done but for the clerk to record the entry of the judgment. The judgment itself is not what may be entered but is that which is considered and delivered by the court. Even if the judgment may be proven only by the record, yet it derives its force not from its entry on the record, but from its rendition by the court.' "

The cases relied upon by appellee fall within the general category of cases discussed in 1 Freeman on Judgments (5th ed), p 84, from which we quote:

"The entry, though without it the judgment be conceded to exist, may be important in other respects besides that of establishing the terms of the judgment, as where, under the statute of a State, a judgment cannot be docketed so as to constitute a lien until after its actual entry, or where judgments are in certain cases required to be recorded before they can affect innocent purchasers or encumbrancers; for unless the judgment is entered, no copy of it can exist to be filed for record. Even though a judgment may become effective as between the parties for many purposes, upon its rendition, its entry is generally held a prerequisite to the right to appeal, though this, of course, depends upon the provisions of the statutes."

We believe, however, that the more pertinent observation of the issue herein to be considered is found in 1 Freeman on Judgments (5th ed), p 108, where it is said:

"But the signature of the judge to the judgment or the record in which judgments are entered is

sometimes required by statute; and in some States its omission has been held fatal, either as making the judgment void, or as presumptive evidence that the alleged judgment had never received judicial sanction. More frequently, however, statutory requirements of this character have been adjudged to be directory merely, and the absence of the judge's signature to in no way impair the effect of the judgment, whether it is legal or equitable in character. And this is undoubtedly the rule in the absence of statute, since it is the rendition rather than signing which is the vital fact, the entry being ordinarily the ministerial act of the clerk following the judicial act of rendition, which consists of the court's decision, whether by oral announcement or written findings."

Such reasoning is consistent with this Court's conclusions in the *Blickle* v. *Kent Probate Judge* decision, *supra,* and is applicable to the circumstances of the instant case wherein it is to be noted that no matters involving the establishment of a lien exist, no interests other than those of the original parties to the action are involved, and we are not concerned with the period within which an appeal could have been taken from the original judgment.

It is our opinion that the judgment in the case of Cooper *v.* Lewis was rendered when it was orally pronounced by the judge on March 30, 1950. The statutory requirement that the trial judge verify the record is a directive to perform a purely ministerial act, and the judge's delay in so doing in no way affects the validity or enforceability of the judgment as between the parties. This conclusion makes it unnecessary to pass upon the question of whether habeas corpus is a proper legal remedy in this instance, that question having been raised by the appellant.

The case is remanded to the circuit court with direction to set aside the order discharging petitioner and to enter an order dismissing the writ of habeas

corpus and remanding Paul R. Lewis to the custody of the sheriff of Wayne county. Costs to the appellants.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.