McCLURE v H K PORTER COMPANY, INC

Docket No. 104590. Submitted June 20, 1988, at Lansing. Decided November 15, 1988.

Frederick A. McClure, an employee at a steel plant operated by the MacSteel Division of Quanex Corporation, was injured when electricity arced from a furnace line to his body. McClure and his wife, for herself and as next friend of the McClure children, brought an action in Jackson Circuit Court against H. K. Porter Company, Inc., Westinghouse Electric Corporation and others. Against Westinghouse, plaintiffs alleged that a defective electrical part manufactured, serviced and installed by Westinghouse had caused Mr. McClure's injuries. Contending that the electrical part in question had in fact been manufactured, installed and serviced by another manufacturer, Westinghouse moved for summary disposition. The trial court, Russell E. Noble, J., allowed plaintiffs a final discovery period of sixty days in which to procure the deposition testimony of any expert who could support a theory of recovery against Westinghouse. However, fifteen days before the expiration of that sixty-day period and with plaintiffs not having produced an expert, the trial court granted summary disposition in favor of Westinghouse, ruling that there were no genuine issues of material fact and that Westinghouse was entitled to judgment as a matter of law. Plaintiffs appealed.

The Court of Appeals *held:*

1. In order to have prevailed against Westinghouse's motion for summary disposition, plaintiffs must have demonstrated, through affidavits, deposition testimony or any other documentary evidence, some facts showing there was a genuine issue for trial. Since plaintiffs failed to do so, the grant of summary disposition against them was proper.

2. The trial court did not abuse its discretion in dismissing plaintiffs' claim against Westinghouse before the full discovery

REFERENCES

Am Jur 2d, Deposition and Discovery §§ 385-388; Products Liability §§ 164 *et seq.*, 260 *et seq.*; Summary Judgment §§ 23, 27.

See the Index to Annotations under Discovery; Products Liability; Summary Judgment.

period had expired. Plaintiffs did not make a good-faith effort to comply with the ruling to produce an expert, ask the trial court for further time to produce the expert, or demonstrate that they stood a fair chance of uncovering support for their position had the entire sixty-day period been allowed.

Affirmed.

1. PRODUCTS LIABILITY — DEFECTIVE PRODUCTS — PERSONAL INJURIES.

A plaintiff seeking damages for injuries arising out of the use of a defective product must prove a defect attributable to the manufacturer and a causal connection between that defect and the injury.

2. PLEADING — ISSUES OF MATERIAL FACT.

A plaintiff may not rest upon the mere allegations of his pleading, where the defendant moves for summary disposition alleging that there is no issue of material fact, but must set forth specific facts showing that there is a genuine issue for trial (MCR 2.116[C][10] and 2.116[G][4]).

3. PRETRIAL PROCEDURE — DISCOVERY ORDERS — SANCTIONS — DISMISSAL OF ACTIONS.

A plaintiff's failure to comply with the trial court's discovery order may serve as a basis for the dismissal of the plaintiff's action (MCR 2.313[B][2], 2.504[B]).

*Hooper, Hathaway, Price, Beuche & Wallace* (by *Bruce T. Wallace* and *Mark R. Daane*), for plaintiffs.

*Ogne, Alberts & Stuart, P.C.* (by *Wayne L. Ogne, Bryan Cermak* and *Robert F. Whitmer*), for Westinghouse Electric Corporation.

Before: WAHLS, P.J., and HOOD and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order by Jackson Circuit Judge Russell E. Noble granting defendant Westinghouse Electric Corporation's motion for summary disposition under MCR 2.604 and 2.116(C)(10). We affirm.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

The following facts are not in dispute here. Plaintiff Frederick McClure was an electric maintenance worker at MacSteel Division of Quanex Corporation, a steel manufacturer. The MacSteel plant used electrical energy to generate extreme heat to process steel from iron ore. Electrical energy was directed through furnace lines into two electric arc furnaces, which were used to melt the ore. The flow of electricity was channeled through various switching stations and oil circuit breakers. Plaintiff suffered extensive injuries when electricity arced from a furnace line to his body as he attempted to conduct repairs in an electrical arc furnace vault in a shed which was located in an outdoor electrical substation.

Plaintiffs filed suit against MacSteel and Quanex in 1982 and added Westinghouse as a party defendant in 1983. Plaintiffs claimed that Westinghouse manufactured, serviced and installed the trip coil of the oil circuit breaker which had allegedly burned out and caused Frederick McClure's injuries.

On August 12, 1987, Westinghouse moved for summary disposition under MCR 2.116(C)(10). Following hearings on the motion on August 28, 1987, and October 9, 1987, Judge Noble granted the motion and dismissed plaintiffs' case against Westinghouse with prejudice.

Plaintiffs now claim on appeal that the trial court erred in granting summary disposition to Westinghouse. Plaintiffs contend they raised issues of material fact in that (1) Westinghouse had supplied controls for the oil circuit breaker and (2) plaintiffs' experts had determined Westinghouse to be negligent and its negligence to be the proximate cause of Frederick McClure's injury.

To prevail against Westinghouse in their claim, plaintiffs needed to prove a defect attributable to

Westinghouse and a causal connection between that defect and the injury. *Prentis v Yale Mfg Co,* 421 Mich 670, 682; 365 NW2d 176 (1984); *Holdsworth v Nash Mfg, Inc,* 161 Mich App 139, 146; 409 NW2d 764 (1987). To prevail against Westinghouse's motion for summary disposition, plaintiffs were required to demonstrate, through affidavits, deposition testimony or any other documentary evidence, some facts showing there was a genuine issue for trial. MCR 2.116(G)(4). *Fulton v Pontiac General Hospital,* 160 Mich App 728, 735; 408 NW2d 536 (1987). Mere allegations are not sufficient. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988); *Ransburg v Wayne Co,* 170 Mich App 358; 427 NW2d 906 (1988).

We believe that the evidence presented by plaintiffs amounted to mere allegations. Westinghouse manufactured, serviced and installed a trip coil of the oil circuit breaker. However, this was in 1974. Third-party defendant Quanex Corporation admitted in its answer to Westinghouse's interrogatories that ITE Corporation manufactured, installed and serviced the trip coil of the oil circuit breaker which was in place on the day Frederick McClure was injured. This admission was in response to plaintiffs' expert Kusko's testimony that the injury occurred because of the defective oil circuit breaker. Experts Carey and Reese, deposed by plaintiffs, failed to implicate defendant Westinghouse. They testified that Westinghouse had no responsibility in plaintiff's injuries. Expert witness Barnett testified that even though the shed containing the controls had the Westinghouse logo on it, Westinghouse had no responsibility for plaintiff's injuries.

We find there was inadequate evidence presented by plaintiffs as required by MCR 2.116(G)(3)

and (4) to substantiate Westinghouse's liability for Frederick McClure's injuries. Since plaintiffs were unable to show that the allegedly defective oil circuit breaker was attributable to Westinghouse, the trial court properly granted summary disposition in favor of Westinghouse.

Plaintiffs next claim that the trial judge abused his discretion in dismissing plaintiffs' claim against Westinghouse. We disagree.

In the instant case, plaintiffs conducted discovery against Westinghouse for two to three years and produced nothing to support their theory that Westinghouse proximately caused Frederick McClure's injuries. Judge Noble's oral ruling on August 28, 1987, in essence, gave plaintiffs a final period of sixty days in which to go to the MacSteel plant and to prove that Westinghouse manufactured and installed components of the allegedly defective oil circuit breaker. Specifically, Judge Noble's ruling mandated that plaintiffs examine the control shed, that plaintiffs have the control shed examined by an expert, and that plaintiffs produce the expert for deposition within sixty days to see if there might be some basis for possible liability against Westinghouse. At the October 9, 1987, hearing, plaintiffs acknowledged that although their expert was available, they had not produced the expert.

Plaintiffs' argument that summary disposition was improperly granted because the sixty-day period had not yet run is without merit. Judge Noble's oral ruling was clearly meant to have immediate effect and not to be effective only from the date that plaintiffs drafted, received clarification of, and submitted an order for Judge Noble's signature. An oral ruling has the same force and effect as a written order. See *Lewis v Wayne Co Sheriff,* 335 Mich 640, 643-644; 56 NW2d 211

(1953). Even though fourteen or fifteen days of the sixty-day period had not yet run, plaintiffs did not make a good-faith effort to comply with the ruling to produce an expert and did not ask the court for further time to produce the expert. Nor did plaintiffs demonstrate that they stood a fair chance of uncovering support for their position if the entire sixty-day period had been allowed to run. We therefore believe that summary disposition was proper even though the entire sixty-day period had not yet run. See *Ransburg, supra.*

The purpose of the limited discovery period was for Westinghouse to allow plaintiffs to examine the control shed to determine if there was any liability on the part of Westinghouse. Westinghouse did just that. The purpose of the limited discovery period having been achieved, we believe that it was proper for the lower court to cut off discovery. Dismissal of a cause of action is appropriate under MCR 2.313(B)(2) or MCR 2.504(B) when a party fails to comply with a discovery ruling. Since plaintiffs failed to comply with Judge Noble's ruling to produce an expert and failed to present adequate evidence to support their claim against Westinghouse, we believe Judge Noble did not abuse his discretion by dismissing plaintiffs' claim with prejudice.

The trial court's grant of summary disposition in favor of Westinghouse is affirmed.