84 F.3d 204
 34 Fed.R.Serv.3d 933
 ATLANTIC RICHFIELD COMPANY, a Pennsylvania corporation,
Plaintiff-Appellee,
v.
MONARCH LEASING COMPANY, a defunct Michigan corporation;
George D. Rinaldi; and Francis A. Rinaldi,
jointly and severally, Defendants-Appellants.
 No. 95-1299.
 United States Court of Appeals,
Sixth Circuit.
 Argued May 3, 1996.
Decided May 22, 1996.
 
 Edward C. Cutlip, Jr., Patrick J. Haddad (argued and briefed), Kerr, Russell & Weber, Detroit, MI, for Atlantic Richfield Co.
 John A. Lygizos (argued and briefed), Detroit, MI, for Monarch Leasing Co., George D. Rinaldi and Francis A. Rinaldi.
 Before: BROWN and SILER, Circuit Judges; HOOD, District Judge.*
 BAILEY BROWN, Circuit Judge.
 
 
 1
 The defendants appeal from the district court's award of summary judgment to the plaintiff in an action brought to renew a monetary judgment which was originally entered for the plaintiff in a 1984 diversity breach of contract case. The defendants contend that the plaintiff's complaint in the instant case was not timely brought under the applicable Michigan statute of limitations. For the reasons that follow, we AFFIRM the decision of the district court.
 
 I. BACKGROUND
 
 2
 The facts are undisputed. In 1982, Atlantic Richfield Company ("ARCO") sued the defendants in federal district court to enforce the defendants' guarantees that they would pay a debt of more than $2.2 million which was owed to ARCO. Jurisdiction was based solely on diversity of citizenship.
 
 
 3
 On June 4, 1984, the district court (Cohn, J.) held a hearing on a motion for summary judgment filed by ARCO. In that hearing, the court announced from the bench that it would grant ARCO's motion, and instructed ARCO's attorneys to draft an appropriate order. The court also discussed damages, but it stated that, if the parties could not agree on the precise amount of damages, it would hold another hearing.
 
 
 4
 On June 25, 1984, the district court entered a written order granting summary judgment to ARCO and itemizing the damages owed, including interest and attorney's fees. Evidently, the parties had agreed on the final amount. In its order, however, the district court used the date of June 4 as an accrual date for purposes of calculating interest.
 
 
 5
 On June 22, 1994, almost ten years to the day after the district court had entered that written order, ARCO returned to court and filed suit to extend the life of the judgment against the defendants, and the case was assigned to Judge Cohn. ARCO had yet to collect the judgment fully, although the late Mr. Rinaldi's estate had made some payments to ARCO, and a settlement agreement between the parties had discharged a portion of the debt. More than $4.2 million remained owing to ARCO, including more than $2.6 million in unpaid interest that had accrued under 28 U.S.C. § 1691.
 
 
 6
 The defendants countered by contending that ARCO had failed to timely file, under the Michigan statute of limitations, its suit to extend the life of the 1984 judgment. The statute of limitations of the forum state applies in federal diversity cases pursuant to Walker v. Armco Steel Corp., 446 U.S. 740, 753, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980). The Michigan statute provides that judgment renewal actions like ARCO's must be brought within ten years "from the time of the rendition of the judgment." Mich.Comp.Laws Ann. § 600.5809(3) (West 1987) (emphasis added).
 
 
 7
 The defendants contended below (as they do in this appeal) that the district court "rendered" its judgment against them on June 4, 1984, when it announced from the bench that it would grant ARCO's motion for summary judgment, and not on June 25, 1984, when the district court issued its written order granting summary judgment to ARCO.
 
 
 8
 The district court, on cross-motions for summary judgment, granted ARCO's motion and denied the defendants' motion. The court noted that, under both the Walker case and Federal Rule of Civil Procedure 69(a), which dictates the procedure for enforcing money judgments in federal courts, it was bound to apply the Michigan statute of limitations. After reviewing the Michigan statute, the court below rejected the defendants' argument that it "rendered" judgment for ARCO on June 4, as opposed to June 25. Relying on Federal Rule of Civil Procedure 58, which mandates that federal court judgments be "set forth on a separate document" apart from opinions and memoranda,[1] the district court stated that "[a] federal court judgment does not exist until it is put in writing." Thus, the court below continued, it could not have "rendered" a judgment for ARCO until it put its decision in writing on June 25, 1984. The court then held that, because ARCO had filed suit in the instant case on June 22, 1994, it had satisfied Michigan's ten-year statute of limitations. The defendants timely appealed.
 
 II. ANALYSIS
 
 9
 A. Standard of Review.
 
 
 10
 We review the district court's grant of summary judgment de novo, using the same test the district court used when reviewing the motion. E.g., Maddox v. University of Tenn., 62 F.3d 843, 845 (6th Cir.1995). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When dealing with cross-motions for summary judgment, these same rules of review apply. E.g., Lansing Dairy, Inc. v. Espy, 39 F.3d 1339, 1347 (6th Cir.1994), cert. denied, --- U.S. ----, 116 S.Ct. 50, 133 L.Ed.2d 15 (1995). If the facts of a case are undisputed, as they are here, one of the parties is clearly entitled to summary judgment. Niecko v. Emro Mktg., 973 F.2d 1296, 1304 (6th Cir.1992).
 
 
 11
 B. Choice of Law.
 
 
 12
 The parties agree with the district court that, under Walker, 446 U.S. at 753, 100 S.Ct. at 1986, the Michigan statute of limitations controls in this diversity case. They also agree with the general principle that, under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny, a blend of federal procedural law and state substantive law controls this case. See Hanna v. Plumer, 380 U.S. 460, 471-74, 85 S.Ct. 1136, 1144-46, 14 L.Ed.2d 8 (1965) (holding that the Federal Rules of Civil Procedure apply in diversity cases where they are on point, unless they both directly conflict with state law and are invalid under the Constitution or the Rules Enabling Act); see also Walker, 446 U.S. at 749-50, 100 S.Ct. at 1984-85 (reaffirming Hanna ).
 
 
 13
 The real issue in this case is on which day the district court "rendered" its original summary judgment for ARCO in 1984: on June 4 (orally), or in its written order of June 25. This issue could well be viewed as either procedural or substantive, depending upon one's perspective. As the Hanna Court noted, "The line between 'substance' and 'procedure' shifts as the legal context changes. 'Each implies different variables depending upon the particular problem for which it is used.' " Hanna, 380 U.S. at 471, 85 S.Ct. at 1144 (quoting Guaranty Trust Co. v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945)). Nevertheless, as we will explain below, the Supreme Court's decision in Hanna mandates that we find the issue here to be procedural, because there is a Federal Rule of Civil Procedure, Rule 58, directly on point.
 
 
 14
 We hold that, under federal procedural law, a federal court judgment is "rendered" only when it is set forth in writing on a separate, discrete document and entered on the civil docket. Thus, under Michigan's substantive law, ARCO met the statute of limitations because it filed its complaint in the instant case within ten years of the district court's original "rendition" of summary judgment. We also believe, however, that the applicable rule is the same under Michigan law. Thus, we do not fear that our holding in this case will promote any "forum-shopping." See Hanna, 380 U.S. at 468, 85 S.Ct. at 1142 (reminding courts of the "twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws"). We will analyze both bodies of law to support this conclusion.
 
 
 15
 C. Federal law.
 
 
 16
 Because Rule 58 mandates that federal court judgments be set forth on a separate document, because the Supreme Court has held that the Rule's requirement of a separate writing is to be mechanically observed,[2] and because a proper federal rule of procedure "has the force of a federal statute,"[3] we hold that the district court in the instant case "rendered" its judgment on June 25, 1984, when it issued and entered its written order granting summary judgment to ARCO and defining the amount of damages owed by the defendants. Thus, under the Michigan statute of limitations, ARCO timely filed its complaint to extend the life of the original judgment it won.
 
 
 17
 We are mindful of the Supreme Court's statement in Walker, 446 U.S. at 753, 100 S.Ct. at 1986, that, "in the absence of a controlling federal rule," the mere presence of diversity jurisdiction should not allow actions to survive in federal court when they would be barred in state courts on limitations grounds. Nevertheless, in this case we have such a "controlling federal rule": Rule 58.
 
 
 18
 Under the Court's holding in Hanna, we must follow that rule unless we find that it is invalid under the Rules Enabling Act, 28 U.S.C. § 2072, or the Constitution, which we do not. Hanna, 380 U.S. at 471-74, 85 S.Ct. at 1144-46. Rule 58 is a purely procedural "housekeeping" rule that helps courts and litigants conduct their business with a desirable level of certainty, and it fits within Congress's constitutional power to craft rules of federal court procedure. See id. at 472-73, 85 S.Ct. at 1144-45 (upholding the federal service of process rule, 4(d)(1), over a conflicting state rule on the grounds of promoting uniformity in the federal courts and recognizing Congress's power "to regulate matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either"). As such, Rule 58 is properly applicable to the instant case.
 
 
 19
 We also note that accepting the defendants' position on the issue of when a judgment is "rendered" would yield an absurd result entirely at odds with the policies and concerns underlying the federal rules in general, and Rule 58 in particular. As the district court noted, holding that a judgment is "rendered" when a federal court simply announces its decision from the bench, and not when the court actually writes its complete judgment as Rule 58 requires, would create widespread confusion in computing time for posttrial motions and appeals. See Fed.R.Civ.P. 59 (requiring that motions to alter or amend judgments be filed within ten days of the entry of judgment); Fed.R.Civ.P. 62(a) (requiring prevailing parties to wait until ten days after the date on which a judgment is entered before they may execute on a judgment); Fed.R.App.P. 4 (requiring that a notice of appeal must be filed within thirty days after the date on which a judgment is entered).
 
 
 20
 The Advisory Committee Notes on Rule 58 bolster this conclusion. Those notes state that the rule is designed to eliminate uncertainties about precisely when a court rendered a judgment. Such uncertainties had arisen in contexts analogous to the one in the instant case, where courts wrote opinions or memoranda "containing some apparently directive or dispositive words," such as, " 'the plaintiff's motion [for summary judgment] is granted.' " Because the opinions or memoranda sometimes lacked all the requisite elements of a judgment, and because judges sometimes later signed formal judgments in addition to those opinions and memoranda, Rule 58 was amended to clarify when a judgment became "effective, starting the time running for post-verdict motions and for the purpose of appeal."
 
 
 21
 Given this clear need for certainty, we should not cloud the issue of when a federal court judgment is "rendered"--it is "rendered" when it is set forth in writing on a separate document and entered on the civil docket, in compliance with Rule 58. See United States v. Woods, 885 F.2d 352, 353 (6th Cir.1989) (per curiam) (holding that a district court's marginal order granting summary judgment did not meet the strict requirements of Rule 58 because "a party may reasonably be confused as to the standing of its case when a decision is rendered in such an informal manner") (emphasis added); Simon v. City of Clute, 825 F.2d 940, 942 (5th Cir.1987) (discussing the Advisory Committee's concern with eliminating uncertainties); Duffer v. American Home Assurance Co., 512 F.2d 793, 799 (5th Cir.1975) (holding that the trial court's oral expression, in open court, of its future intention to render a judgment was not itself a judgment, but rather the trial court's written findings of fact and conclusions of law were its judgment). See generally 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2781 (1995) (stating that Rule 58 was so written "to eliminate uncertainty as to whether and when a judgment has been rendered and entered") (emphasis added). Under federal procedural law, the "rendition" of the original summary judgment for ARCO occurred on June 25, 1984, and thus the district court correctly held that ARCO met the ten-year Michigan statute of limitations in the instant case.
 
 
 22
 D. Michigan law.
 
 
 23
 Though the Michigan cases appear to conflict somewhat on the matter of when a judgment is "rendered," we believe that the outcome of this case would actually be the same under Michigan law. Admittedly, a number of Michigan cases lend apparent support to the defendants' proposition that a judgment is "rendered" when a judge orally pronounces it in court. For example, in Ex parte Lewis, 335 Mich. 640, 56 N.W.2d 211, 213 (1953), the Michigan Supreme Court quoted at length from an old case, Blickle v. Higbee, 211 Mich. 216, 178 N.W. 680, 683 (1920), in drawing a distinction between the "rendition" of a judgment and its "entry":
 
 
 24
 The judgment, therefore, is considered as having been rendered when the court has pronounced the decree which finally determines the rights of the parties and nothing remains to be done but for the clerk to record the entry of the judgment. The judgment itself is not what may be entered, but is that which is considered and delivered by the court. Even if the judgment may be proven only by the record, yet it derives its force, not from its entry on the record, but from its rendition by the court.
 
 
 25
 See also Tiedman v. Tiedman, 400 Mich. 571, 255 N.W.2d 632, 635 (1977) (stating, in dicta, that a judgment of divorce may be made effective immediately by a judge's oral statement that includes all the pertinent terms of the divorce); McClure v. H.K. Porter Co., 174 Mich.App. 499, 436 N.W.2d 677, 679-80 (1988) (per curiam) (holding that a trial court's "oral ruling was clearly meant to have immediate effect," and not to be effective only when written and entered); Norton Shores v. Carr, 59 Mich.App. 561, 229 N.W.2d 848, 849 (1975) ("[A]s a general rule, a judgment made orally by the trial court is complete when it is pronounced and does not depend upon entry by the clerk."). See generally Black's Law Dictionary 1296 (6th ed. 1990) ("Rendition of a judgment is effected when the trial court in open court declares the decision of the law upon the matters at issue, and it is distinguishable from 'entry of judgment,' which is a purely ministerial act by which the judgment is made of record and preserved.").
 
 
 26
 There are also, however, even more numerous Michigan cases stating the "well established" rule that "courts speak through their judgments and decrees, not their oral statements or written opinions." Tiedman, 255 N.W.2d at 634. The Tiedman court actually held that "where it is contemplated that a judge's oral statement, that a divorce is or will be granted, will be followed by the signing of a judgment, the divorce and property settlement do not become effective until the judgment is signed and cannot be made effective nunc pro tunc after one of the parties dies." Id. 255 N.W.2d at 633. That court also noted that reducing a judgment to writing and signing it are important acts because "until a judgment is signed the judge may change his mind and sign a different judgment." Id. at 634. The Tiedman holding squares with LeTarte v. Malotke, 32 Mich.App. 289, 188 N.W.2d 673, 675-76 (1971), which expressly held that the oral statements of a trial judge did not constitute the rendition of a judgment of divorce because those statements were prospective in nature and did not completely settle the division of property between the couple. Accord Heck v. Bailey, 204 Mich. 54, 169 N.W. 940, 941 (1918); Stackhouse v. Stackhouse, 193 Mich.App. 437, 484 N.W.2d 723, 725 (1992); People v. Turner, 181 Mich.App. 680, 449 N.W.2d 680, 681-82 (1989) (per curiam); Hall v. Fortino, 158 Mich.App. 663, 405 N.W.2d 106, 108 (1986); People v. Stackpoole, 144 Mich.App. 291, 375 N.W.2d 419, 423 (1985); see also Department of Treasury v. Central Wayne County Sanitation Auth., 186 Mich.App. 58, 463 N.W.2d 120, 123-24 (1990) (per curiam) (holding that a claim for interest on a money judgment "did not accrue until the judgment was rendered," which was the date on which the trial court issued its order). This confusion in the Michigan cases has not gone unnoticed. Bercheny v. Johnson, 481 F.Supp. 1165, 1169 n. 5 (E.D.Mich.1979) (noting that Michigan's cases on the need for a written order are "somewhat confusing"), rev'd on other grounds, 633 F.2d 473 (6th Cir.1980).[4]
 
 
 27
 The defendants contend that the court rendered its judgment on June 4, 1984, because of the combination of (1) the Michigan courts' recognition of a distinction between the "rendition" and the "entry" of a judgment; (2) the plain language of the statute of limitations, which requires only a "rendition"; and (3) the district court's use, in its written order, of June 4 as an interest accrual date. The defendants admitted at oral argument, however, that ARCO could not have executed and collected upon the oral "rendition" of a judgment which it allegedly received on June 4. Moreover, the defendants' argument that a court can "render" a judgment for statute of limitations purposes orally on one day, then "render" it again for all other purposes (such as calculation of time for posttrial motions and appeals) is, we believe, without merit under Michigan law.
 
 
 28
 Michigan Court Rule 2.602, which was in effect throughout the entire course of the proceedings below, states that "all judgments and orders must be in writing, signed by the court and dated with the date they are signed."[5] This court has previously held that, under Michigan law, a Michigan Court Rule controls where it conflicts with a state statute. Abick v. Michigan, 803 F.2d 874, 878 (6th Cir.1986) (citing Buscaino v. Rhodes, 385 Mich. 474, 189 N.W.2d 202, 204-06 (1971) and Perin v. Peuler, 373 Mich. 531, 130 N.W.2d 4, 10 (1964)). Under Abick, to the extent that Michigan Court Rule 2.602 conflicts with the language in the Michigan statute of limitations about the "rendition" of a judgment, the rule would control, and so a judgment could not be "rendered" unless it had been written, signed and dated in compliance with the court rule. Thus, had ARCO brought this judgment renewal action in a Michigan state court, we believe that the Michigan court would not have held that the action was barred on statute of limitations grounds. There is ample support in both the Michigan cases and in Michigan's court rules for the proposition that Michigan courts, as a general rule, "render" their judgments when they write them, and not when they pronounce their decisions in open court.[6]
 
 
 29
 Moreover, even those Michigan cases which appear to have deemed a judgment "rendered" when it was pronounced from the bench contemplated an oral rendition "which finally determines the rights of the parties," Lewis, 56 N.W.2d at 213 (quoting Blickle, 178 N.W. at 683), or which "was clearly meant to have immediate effect," McClure, 436 N.W.2d at 679. No such oral rendition occurred here. Rather, the district court stated on June 4, 1984, that it would grant ARCO's motion for summary judgment, and that it would hold another hearing if the parties could not agree on the precise amount of damages. While this pronouncement may have settled the defendants' liability as a general matter, it certainly did not "finally determine" the rights of the parties, and it was obviously not meant to have immediate effect. The district court did not finally determine the parties' rights until it issued and entered its written order on June 25, 1984, which specified the damages and attorney's fees that the defendants owed to ARCO. Thus, this case is analogous to the LeTarte divorce case, 188 N.W.2d at 675-76, in which the Michigan Court of Appeals held that a trial court's oral statements did not "constitute the rendition of a judgment," because (1) those statements were "prospective only," and (2) the parties in that case had agreed to "only the basic elements" of a property settlement, leaving some work still to be done. Such was similarly the case when the court below stated, on June 4, 1984, that it would grant summary judgment to ARCO.
 
 III. CONCLUSION
 
 30
 As indicated above, we hold that under federal procedural law, the district court originally "rendered" summary judgment to ARCO on June 25, 1984. We believe, however, that the applicable rule and the outcome of this case would be the same under Michigan law.
 
 
 31
 The applicable Michigan statute of limitations in this case requires that a person "commence[ ]" an action within ten years of the "rendition" of the court's judgment. Mich.Comp.Laws Ann. § 600.5809 (West 1987). An action is "commenced" under both the Federal Rules and the Michigan Court Rules when a complaint is filed with the court. Fed.R.Civ.P. 3, Mich.Ct.R. 2.101(B). Thus, we find that ARCO "commenced" this judgment renewal action within the statutory time period, because it filed its complaint within ten years of the district court's original "rendition" of summary judgment for ARCO, and we AFFIRM the decision of the district court.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 This rule provides, in pertinent part: "Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Fed.R.Civ.P. 58. Rule 79(a), in turn, provides (among other things) that the district court must keep a civil docket that shows the nature of all entries and the dates on which orders or judgments are entered
 
 
 [2]
 United States v. Indrelunas, 411 U.S. 216, 221-22, 93 S.Ct. 1562, 1564-65, 36 L.Ed.2d 202 (1973) (per curiam). But cf. Bankers Trust Co. v. Mallis, 435 U.S. 381, 386, 98 S.Ct. 1117, 1120-21, 55 L.Ed.2d 357 (1978) (per curiam) (holding that lack of a separate judgment does not preclude the taking of an appeal from a district court's final decision, because the parties may waive the separate judgment requirement "where one has accidentally not been entered")
 
 
 [3]
 Sibbach v. Wilson & Co., 312 U.S. 1, 13, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941). See generally 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3012 (1973 & Supp.1996) (explaining what law governs in procedures to enforce judgments)
 
 
 [4]
 Presumably, the Michigan Legislature was aware of this confusion when it chose to use the word "rendition" in the statute of limitations
 
 
 [5]
 This rule is clearly analogous to, although not identical to, Federal Rule of Civil Procedure 58
 
 
 [6]
 Furthermore, under this same body of Michigan law, we must reject the defendants' assertion that ARCO failed to timely "commence" the instant renewal action (and toll the statute of limitations) because of allegedly improper service of process by someone not an "officer" for purposes of the Michigan tolling statute, Mich.Comp.Laws Ann. § 600.5856(c) (West Supp.1995). Michigan Court Rule 2.101(B) and Federal Rule of Civil Procedure 3 both state that an action is "commenced" when a complaint is filed with the court, and that rule controls insofar as it conflicts with the tolling statute. See Buscaino, 189 N.W.2d at 205-06 (holding that a complaint filed within three years of an accident complied with the Michigan Court Rules and was not barred by the statute of limitations, even though service was made more than three years after the accident)