PEOPLE v FUTRELL

Docket No. 57823. Submitted October 18, 1982, at Detroit.—Decided May 5, 1983.

Defendant, Keith T. Futrell, was charged in the Detroit Recorder's Court with carrying a concealed weapon and/or carrying a concealed weapon in a motor vehicle. The trial court, Samuel C. Gardner, J., granted an order to preclude the prosecutor from introducing evidence of a handgun found in the defendant's car. Based upon that order, the trial court, thereafter, ordered that the information be quashed. The people appeal from that order alleging that the trial court erred in relying exclusively on the preliminary examination transcript in deciding the defendant's motion to suppress the handgun. *Held:*

1. Where a sufficiently complete stipulation of facts is made, a trial court may decide a motion to suppress evidence based on the stipulation. The Supreme Court, in explicitly prohibiting exclusive reliance on the preliminary examination transcript in deciding a motion to suppress, did not mean to impose an absolute requirement that an independent hearing be held on every motion to suppress. A stipulation of facts eliminates the problem of determining credibility. However, the facts stipulated to might still be insufficiently detailed to inform the court of all that is constitutionally significant. In such a case, sole reliance on a stipulation would be error. Under the circumstances here, it was not error to decide the suppression question without an independent hearing.

2. The absence of exigent circumstances to justify an immediate search of a vehicle is irrelevant under federal law when police have probable cause to believe that evidence of crime will be found in the lawfully stopped automobile. The essence of the "automobile exception" is the United States Supreme Court's determination that the police need not seek a magistrate's approval before they conduct a vehicle search where the

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 29 Am Jur 2d, Evidence §§ 13, 425.
[2] 68 Am Jur 2d, Searches and Seizures §§ 43, 44.
   Lawfulness of search of motor vehicle following arrest for traffic violation. 10 ALR3d 314.

circumstances indicate that the police have probable cause to believe that evidence of a crime would be found in the defendant's car and where, if the police do not immediately search the car, it could be moved resulting in the loss of the evidence.

3. The reasonable inferences which could be drawn from the statements of the witness gave police probable cause to believe that evidence of a concealed weapons offense would be found in defendant's car. Had the police not immediately searched the vehicle, it could have been moved and the evidence lost.

4. There is no constitutional significance in the fact that defendant's car was parked in the restaurant's parking lot and that he was a short distance from it at the time he was confronted by the police.

The orders quashing the indictment and suppressing the use of the handgun in evidence are reversed.

R. M. MAHER, P.J., concurred in the reversal of the orders suppressing the evidence and quashing the information but he would remand for an evidentiary hearing on defendant's motion to suppress. He would conclude that opposing counsel may not stipulate to the use of the preliminary examination transcript alone in a hearing on a motion to suppress. A stipulation would not alleviate the two problems which can arise if sole reliance is placed on a review of the transcript: the need for determinations of credibility and an inadequate exposition of constitutionally significant facts. These two problems survive a stipulation. He would find that the trial court erred by ruling on the defendant's motion to suppress on the basis of the stipulated preliminary examination transcript alone.

OPINION OF THE COURT

1. EVIDENCE — MOTIONS TO SUPPRESS — PRELIMINARY EXAMINATION TRANSCRIPT — HEARINGS — STIPULATIONS.

The Michigan Supreme Court did not mean to impose an absolute requirement that an independent hearing be held on every motion to suppress evidence where it concluded that a trial court may not rely exclusively on a preliminary examination transcript in deciding a defendant's motion to suppress evidence; the trial court may decide the motion based on a sufficiently complete stipulation of facts; such a stipulation of facts eliminates the problem of determining credibility noted by the Supreme Court, however, the second problem noted, the inadequate exposition of constitutionally significant facts, might not be eliminated where the facts stipulated to are insufficiently detailed to inform the court of all that is constitu-

tionally significant and, in such a case, sole reliance on a stipulation would be error.

2. SEARCHES AND SEIZURES — CRIMINAL LAW — EXIGENT CIRCUM-
STANCES — AUTOMOBILES.

The absence of exigent circumstances to justify the search of an automobile without a warrant is irrelevant under federal law when the police have probable cause to believe that evidence of crime will be found in a lawfully stopped vehicle; the essence of the "automobile exception" is the United States Supreme Court's determination that the police need not seek a magistrate's approval before they conduct a vehicle search where the circumstances indicate that the police have probable cause to believe that evidence of a crime would be found in the defendant's car and where, if the police do not immediately search the car, it could be moved resulting in the loss of the evidence.

CONCURRENCE BY R. M. MAHER, P.J.

3. EVIDENCE — SUPPRESSION OF EVIDENCE — PRELIMINARY EXAMINA-
TION TRANSCRIPT — STIPULATIONS.

*Opposing counsel may not stipulate to the exclusive use of a preliminary examination transcript in a hearing on a motion to suppress evidence; instead the trial court is to review the evidence* de novo *by conducting an evidentiary hearing; a stipulation would not alleviate the concerns regarding determinations of credibility and the inadequate exposition of constitutionally significant facts which have been noted by the Supreme Court.*

4. SEARCHES AND SEIZURES — TRIAL — PRELIMINARY EXAMINATION
TRANSCRIPT.

*A trial court can properly determine the legality of a challenged search and seizure only on the basis of an adequate record; a preliminary examination transcript provides an inadequate record for such purposes, whether or not the parties have stipulated to it.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Bell & Hudson, P.C.* (by *Lester D. Hudson*), for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

BRONSON, J. The people appeal as of right from an order quashing the information against defendant. The decision to quash was based on an order granting defendant's motion to preclude the people from introducing into evidence a handgun found in defendant's car. Defendant had been charged with carrying a concealed weapon, MCL 750.227, MSA 28.424.

On appeal, plaintiff claims the trial judge erred by relying exclusively on the preliminary examination transcript in deciding defendant's motion to suppress. This practice was explicitly prohibited by the Supreme Court in *People v Talley*, 410 Mich 378, 390, fn 3; 301 NW2d 809 (1981). In *Talley*, the Court declined the opportunity to consider whether opposing counsel may stipulate to the trial court's sole reliance on the preliminary examination transcript in deciding a suppression motion. *Talley, supra*, p 392, fn 4.

In the present case, defendant sought a favorable ruling of law on facts adduced from preliminary examination testimony. The people did not dispute these facts which were based on the testimony of police officers; they do not do so now. We do not believe the Supreme Court, in *Talley*, meant to impose an absolute requirement that an independent hearing be held on every motion to suppress. Where a sufficiently complete stipulation of facts is made, the trial court may decide the motion based on the stipulation. See *People v Chernowas*, 111 Mich App 1, 3, fn 2; 314 NW2d 505 (1981). In *Talley*, the Court pointed to two

problems which can arise if sole reliance is placed on a review of the preliminary examination transcript: the need for determinations of credibility and the inadequate exposition of constitutionally significant facts, *Talley, supra,* p 391. See also the concurring opinion by Justice LEVIN, *Talley, supra,* pp 393-396. A stipulation of facts eliminates the problem of determining credibility. The facts stipulated to might still, however, be insufficiently detailed to inform the court of all that is constitutionally significant. In such a case, sole reliance on a stipulation would be error. In the present case, however, the people have failed to point to any area in which further elucidation of the facts might advance their position. Under the circumstances, it was not error to decide the suppression question without an independent hearing.

We nonetheless reverse the decision quashing the information and suppressing the use of the handgun in evidence. The trial court ruled that the search of defendant's car without a warrant was improper due to the absence of exigent circumstances justifying an immediate search.

Under federal law, the absence of exigent circumstances is irrelevant when police have probable cause to believe that evidence of crime will be found in a lawfully stopped automobile. *United States v Ross,* 456 US 798; 102 S Ct 2157; 72 L Ed 2d 572 (1982); *Carroll v United States,* 267 US 132; 45 S Ct 280; 69 L Ed 543 (1925); *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970).

In the present case, a restaurant employee observed the butt of a handgun, apparently carried by defendant in a shoulder holster. She activated a silent alarm, to which the police responded. Shortly after the alarm was activated, defendant

was seen by a restaurant patron walking out to his car, opening the door, bending down and momentarily disappearing from sight. When police officers arrived on the scene, they frisked defendant, but found no handgun. They interviewed the restaurant employee and the restaurant patron who told them of defendant's visit to his car. An officer went to the car, opened the door and found the handgun in a shoulder holster under the front seat.

The reasonable inferences which could be drawn from the statement of the restaurant patron gave police probable cause to believe that evidence of a concealed weapons offense would be found in defendant's car. Had police not immediately searched the car, it could have been moved, resulting in the loss of the evidence. Because of the car's mobility, exigent circumstances existed justifying the seizure of the car while a magistrate's approval for the search was sought. The essence of the "automobile exception" is the United States Supreme Court's determination that, given these circumstances, police need not seek a magistrate's approval before they conduct a search. In *Ross*, Justice Stevens explained the justification for the *Carroll-Chambers* automobile exception allowing police to search the car immediately:

"These decisions are based on the practicalities of the situations presented and a realistic appraisal of the relatively minor protection that a contrary rule would provide for privacy interests. Given the scope of the initial intrusion caused by a seizure of an automobile—which often could leave the occupants stranded on the highway—the Court rejected an inflexible rule that would force police officers in every case either to post guard at the vehicle while a warrant is obtained or to tow the vehicle itself to the station." *Ross, supra,* p 807, fn 9.

He cited the following rationale from *Chambers v
Maroney:*

" 'For constitutional purposes, we see no difference
between on the one hand seizing and holding a car
before presenting the probable cause issue to a magis-
trate and on the other hand carrying out an immediate
search without a warrant. Given probable cause to
search, either course is reasonable under the Fourth
Amendment.' " *Ross, supra,* p 807, fn 9.

We find no constitutional significance in the fact
that defendant's car was parked in the restau-
rant's lot and that he was a short distance from it
at the time he was confronted by the police. See
*People v Bukoski,* 41 Mich App 498; 200 NW2d
373 (1972); *United States v Troiano,* 365 F2d 416
(CA 3, 1966), *cert den* 385 US 958; 87 S Ct 396; 17
L Ed 2d 303 (1966); *United States v Callahan,* 256
F Supp 739 (D Minn, 1964); *Commonwealth v
Katz,* 202 Pa Super 629; 198 A2d 883 (1964); *North
v Riverside County Superior Court,* 8 Cal 3d 301;
502 P2d 1305; 104 Cal Rptr 833 (1972); *United
States v Milham,* 590 F2d 717 (CA 8, 1979); *State v
Bottelson,* 102 Idaho 90; 625 P2d 1093 (1981);
*United States v Bellina,* 665 F2d 1335 (CA 4, 1981);
*United States v Cobler,* 533 F Supp 407 (WD Va,
1982); *State v Januszewski,* 182 Conn 142; 438 A2d
679 (1980); *State v Martin,* 87 NJ 561; 436 A2d 96
(1981). The facts of this case and of the cases cited
here are not even remotely similar to those consid-
ered in *Coolidge v New Hampshire,* 403 US 443; 91
S Ct 2022; 29 L Ed 2d 564 (1971).

We reverse the orders quashing the indictment
and suppressing the use of the handgun in evi-
dence.

CYNAR, J., concurred.

R. M. MAHER, P.J. *(concurring)*. I concur in the majority's reversal of the orders suppressing the evidence and quashing the information, but would remand for an evidentiary hearing on defendant's motion to suppress.

This case raises an issue left open by the Supreme Court in *People v Talley,* 410 Mich 378, 392, fn 4; 301 NW2d 809 (1981): whether opposing counsel may stipulate to the exclusive use of the preliminary examination transcript in a hearing on a motion to suppress. I conclude that opposing counsel cannot so stipulate.

The transcript of the preliminary examination paints the following scenario. On January 29, 1981, an employee at a Burger King restaurant, while taking defendant's order, noticed a large bulge under defendant's clothing near his shoulder. When she saw the end of a gun, the employee thought there was to be a robbery and sounded an alarm. A restaurant patron, Elizabeth Wasik, then saw the defendant leave the restaurant, head toward a car and sit in it. Ms. Wasik then saw the defendant "bend over". The police arrived shortly thereafter. After speaking to both the employee and Ms. Wasik, they searched the defendant. Finding no weapon, one of the officers searched the car pointed out by Ms. Wasik. There, the officer found a gun in a shoulder holster on the floorboard behind the passenger seat. On the basis of this evidence, the defendant was eventually charged with carrying a concealed weapon on or about his person and/or carrying a concealed weapon in a motor vehicle, MCL 750.227; MSA 28.424.

Bound over for trial, the defendant brought a motion to quash the information which was properly treated as a motion to suppress. Both parties stipulated that the trial court could rule on the

motion on the basis of the preliminary examination transcript alone. After hearing argument of counsel, the trial court ruled to suppress evidence of the gun and quash the information.

In *People v Talley, supra,* the Supreme Court specifically disapproved of the exclusive use of preliminary examination transcripts in determining a motion to suppress. Instead, the trial court is to review the evidence *de novo* by conducting an evidentiary hearing. Two concerns motivated the Court's decision to adopt this position. First, a "trial court cannot properly assess credibility from the cold record prepared at the preliminary examination". *Talley, supra,* p 391. Second, a *de novo* review allows the trial court to explore "constitutionally significant factual matters" not developed at the preliminary examination. *Id.*

A stipulation does not alleviate these concerns. In *Talley,* for example, it was critical for the court to decide whether the arresting officer testified truthfully that he observed the defendant stash a paper bag containing the evidence under his car seat. The officer's credibility could not be assessed from the "cold record" made at the preliminary examination. I fail to see how a stipulation would sufficiently enliven the record to allow the trial court to adequately assess the officer's testimony. As Justice LEVIN, concurring in *Talley,* remarked:

"[W]here there is an issue of credibility it is necessary to conduct a hearing and hear the witnesses. Unless the judge himself hears the witnesses, the advantage of the judge's superior opportunity to assess credibility is lost.

"I would not allow the parties to stipulate to use of a preliminary examination record as a basis for deciding a credibility issue." *Talley, supra,* p 395.

*Talley* also recognized that a preliminary examination transcript may omit "constitutionally significant" facts. The instant case provides an example of this defect. It was necessary for the trial court to elicit futher testimony from Ms. Wasik. She led the police to defendant's car. More importantly, her description to the police of defendant's behavior in the car—his "bending over"—is crucial to the issue of probable cause. Like the officer's description of Talley's behavior in his car, it provides the "furtive gesture" that may form the basis of probable cause. The court conducting the preliminary examination found Ms. Wasik's oral description of defendant's behavior inadequate and asked her to demonstrate. The transcript, however, provides no description of her physical demonstration. Thus, a trial court, reviewing the preliminary examination record, could not know, in sufficient detail, what Ms. Wasik saw defendant do in the car. The parties' stipulation to the use of this record could not bring Ms. Wasik's demonstration to life for the trial court. This could be accomplished only by a new evidentiary hearing.

Thus, the problems attending a trial court's reliance on the preliminary examination transcript, identified in *Talley,* survive a stipulation. It may be argued, however, that these problems affect only the interests of the parties and that they should be allowed their decision to run the risk of damaging their own cause by stipulating to an inaccurate and incomplete record. But *Talley* was not concerned primarily with the interests of the parties. Rather it sought to assist trial and appellate courts in properly deciding the defendant's constitutional claims. Thus, the Court explained that it prohibited the exclusive use of preliminary examination transcripts to rule on a suppression motion

"in order to promote a more thorough exposition of the events surrounding a contested search or seizure. This, we hope, will aid the trial courts as well as the appellate courts in drawing the difficult line between the constitutionally permissible search or seizure and the constitutionally impermissible one." *Talley, supra,* p 390, fn 3.

The reason that this prohibition assists the court in properly resolving the defendant's constitutional issues is clear: only on the basis of an adequate record can the court properly determine the legality of the challenged search and seizure, and the preliminary examination transcript does not provide such a record.

As shown above, a preliminary examination transcript provides an inadequate record for purposes of ruling on a suppression motion whether or not the parties have stipulated to it. Thus, a trial court cannot properly rule on a suppression motion on the basis of a stipulated preliminary examination transcript. By doing so, the trial court fails to vindicate the precise value which *Talley* sought to protect: the proper resolution of defendant's constitutional issues. I conclude that a trial court may not rule on a suppression motion on the basis of a preliminary examination transcript alone even if stipulated to by the parties.

I find that the trial court erred by ruling on defendant's motion to suppress on the basis of the stipulated preliminary examination transcript alone. I would reverse the orders suppressing the evidence and quashing the information and remand for an evidentiary hearing on defendant's motion to suppress.

Because of my disposition of this case, I express no opinion as to the merits of defendant's constitutional claim.