## PEOPLE v TURNER

Docket No. 113589. Submitted July 12, 1989, at Lansing. Decided August 29, 1989.

Clarence Turner, Jr., was charged with carrying a concealed weapon in a motor vehicle and with possession of marijuana. At defendant's preliminary examination, the district court suppressed the weapon involved in the ccw charge as being the product of an illegal search and seizure and then dismissed the ccw charge. The district court then granted the prosecutor's motion for rehearing, determined that the weapon was not the product of an illegal search, and bound defendant over for trial on the ccw charge. The Jackson Circuit Court, Gordon W. Britten, J., then granted defendant's motion to dismiss the ccw charge, ruling that the district court had no jurisdiction to rehear the case after its original dismissal and that the district court abused its discretion in finding that the search and seizure of the weapon were proper. The circuit court returned the misdemeanor marijuana count to the district court for further proceedings. The prosecutor appealed by leave granted.

The Court of Appeals *held:*

1. The district court had jurisdiction to rehear the ccw matter. MCR 2.119(F) provides for motions for rehearing and that rule is applicable to the district court by way of MCR 4.001. In addition, the district court had not entered an order effectuating its oral dismissal of the ccw charge prior to the prosecutor's motion for rehearing.

2. The circuit court erred in determining that the district court had abused its discretion on the suppression issue. That determination could not properly be made by the circuit court solely on the basis of the preliminary examination record, without having held a de novo evidentiary hearing. Here,

REFERENCES

Am Jur 2d, Evidence § 425; Motions, Rules, and Orders §§ 27, 29, 31.

See the Index to Annotations under Civil Procedure Rules; Criminal Law; Exclusion and Suppression of Evidence; Motions; Rehearing; Search and Seizure.

further exposition of the facts is necessary to aid the trial court in making its constitutional determination.

The circuit court order dismissing the ccw charge is vacated and the case is remanded to the circuit court for an evidentiary hearing.

1. Courts — Motions and Orders — District Courts — Rehearing.
   MCR 2.119(F), which provides for motions for rehearing, is applicable to a district court by way of MCR 4.001; such rehearing procedure allows the district court to correct mistakes which would otherwise be subject to correction on appeal, though at much greater expense to the parties (MCR 2.119[F], 4.001).

2. Trial — Criminal Law — Rules of Civil Procedure.
   The provisions of a rule of civil procedure apply to criminal cases where no rule or statute provides to the contrary and the rule does not clearly apply only to civil actions (MCR 6.001).

3. Courts — Motions and Orders.
   A court speaks through its written orders, not its oral statements.

4. Evidence — Motions to Suppress — Preliminary Examination Transcripts.
   A motion to suppress evidence in a trial court requires the holding of a full evidentiary hearing and any attempt by the trial court to rule on such a motion on the basis of the preliminary examination transcript alone is inadequate and erroneous where further exposition of the facts is necessary to aid the trial court in making its constitutional determination.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Marshall C. Hill,* for defendant.

Before: Shepherd, P.J., and Beasley and Gribbs, JJ.

Per Curiam. This is a prosecutorial appeal from an order of the circuit court dismissing a criminal charge against defendant, Clarence Turner, Jr. Defendant had originally been charged with carry-

ing a concealed weapon in a motor vehicle and with possession of marijuana, in violation of MCL 750.227; MSA 28.424 and MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d), respectively.

At defendant's preliminary examination, the district court suppressed the weapon involved in the CCW charge as being the result of an illegal search and seizure and then dismissed the CCW charge. Subsequently, the district court granted the prosecution's motion for rehearing, determined that the weapon was not the product of an illegal search and bound defendant over for trial on the CCW charge.

The circuit court then granted defendant's motion to dismiss the weapon charge, ruling that the district court had no jurisdiction to rehear the case after its original dismissal and that, further, the district court abused its discretion in finding that the search and seizure of the weapon were proper. The circuit court returned the misdemeanor marijuana count to the district court for further proceedings. The prosecutor appeals by leave granted.

First, we address the district court's jurisdiction to rehear the matter. The more common method for challenging the refusal to bind over would have been to appeal the matter to the circuit court, or perhaps to seek a writ of superintending control in the circuit court. However, we decline to find any error in seeking a prompt rehearing and reconsideration of the issue before the district court. MCR 2.119(F) provides for motions for rehearing. That rule is applicable to the district court by way of MCR 4.001. While MCR 2.119 is a rule of civil procedure, it applies to criminal cases where, as here, no rule or statute provides to the contrary and the rule does not clearly apply only

to civil actions.[1] This rehearing procedure allows a court to correct mistakes which would otherwise be subject to correction on appeal, though at much greater expense to the parties.[2]

Further, in this case, the district court had not entered an order effectuating its oral dismissal of the ccw charge. A court speaks through its written orders, not its oral statements.[3] Thus, it can be argued that the decision whether to dismiss or bind over had not formally been made prior to the prosecution's motion for rehearing. We believe the matter was within the district court's jurisdiction.

Second, the circuit court erred in determining that the district court had abused its discretion on the suppression issue. That determination could not properly be made solely on the basis of the preliminary examination record, i.e., without having held a de novo evidentiary hearing.[4] In *People v Talley*,[5] the Supreme Court stated:

> [The trial court] could not properly have decided whether or not the evidence should have been suppressed without a full evidentiary hearing— listening to witnesses and judging other evidence— to determine whether or not the seizing officer had probable cause to seize the evidence. Since the trial court did not have such a full evidentiary hearing it would have no way of knowing whether the facts in the case authorized or did not authorize the officer to seize the evidence. . . . [A] motion to suppress evidence requires the holding of a full evidentiary hearing and any attempt to rule on such a motion on the basis of a preliminary examination transcript alone is inadequate and erroneous.

---

[1] MCR 6.001.

[2] *Bers v Bers*, 161 Mich App 457, 462; 411 NW2d 732 (1987).

[3] *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977).

[4] *People v Talley*, 410 Mich 378, 389-392; 301 NW2d 809 (1981).

[5] *Id.* at 389-390.

Since a trial court has not yet had an opportunity to examine the totality of circumstances surrounding the contested seizure with an eye toward determining the existence or absence of probable cause, we remand for an evidentiary hearing on defendant's motion to suppress to help insure the constitutionally correct resolution of this issue.

The hearing upon remand is to be a de novo inquiry into the constitutional validity of the contested seizure. The trial court in this case, and all other trial courts in the conduct of all future suppression hearings, shall not place exclusive reliance on the preliminary examination transcript in the determination of the legality of a contested search or seizure.

Here, for the most part, as in *Talley*,[6] "it is not the facts per se that are in dispute, but the legal conclusion to be drawn from these facts." Nevertheless, here, as in *Talley*,[7] further exposition of the facts is necessary to aid the trial court in making its constitutional determination.[8] Accordingly, we remand to the circuit court for a *Talley* hearing.

In view of the circuit court's failure to hold the required hearing, we do not address the merits of the search and seizure issue.[9] The circuit court's order dismissing the ccw charge is vacated, and the case is remanded to that court for an evidentiary hearing.

Remanded for proceedings consistent with this opinion.

---

[6] *Supra* at 391.

[7] *Supra* at 391-392.

[8] We distinguish *People v Futrell,* 125 Mich App 568, 571-572; 336 NW2d 834 (1983), where we held that a complete stipulation of facts rendered a *Talley* hearing unnecessary. Here, unlike in *Futrell,* the prosecution has pointed to at least one area in which further elucidation of the facts might advance their position.

[9] *Talley, supra* at 389.